## THE UNITED STATES COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MICHAELYN S. RACKLEY )
                      PLAINTIFF. )
Vs. )
 )
 )
NORFOLK FINANCIAL CORPORATION )
 )
                  DEFENDANT. )
 )

# 05-40192 FDS

## COMPLAINT

## INTRODUCTION

1.     This is an action for damages brought by an individual consumer for the Defendants' alleged violations of the Fair Debt Collections Practices Act. 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"). which prohibits debt collectors from engaging in abusive. unfair and deceptive practices.

## JURISDICTION

2.     Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1337 for pendant state claims.

## PARTIES

3.     Plaintiff, Michaelyn S. Rackley, a natural person who resides 11 Pitman Rd Athol Massachusetts.

4.     Defendant Norfolk Financial Corporation (hereafter "Norfolk") is a Massachusetts corporation with a place of business of 1208 VFW Parkway Boston. Massachusetts. and is engaged in collecting debts in the Commonwealth of Massachusetts.

5.     Norfolk regularly attempts to collect debt alleged to be due another and is a debt collector as the term defined in 15 U.S.C. § 1692a (6) of the FDCPA.

RECEIPT #  IFP Pending
AMOUNT $  N/A
SUMMONS ISSUED  NO
LOCAL RULE 4.1  ✓
WAIVER FORM  ✓
MCF ISSUED  ✓
BY DPTY. CLK.  _____
DATE 10.26-05

1

## FACTUAL ALLEGATIONS

6.      Based on information and belief, Norfolk is **not** licensed by the Division of Banks to grant consumer credit loans.

7.      Based on information and belief, Norfolk is **not** licensed by the Division of Banks to collect debts in the Commonwealth on Massachusetts.

8.      Based on information and belief, Norfolk is required by M.G.L. c. 93 § § 24-28 to be licensed in order to collect debts within the Commonwealth of Massachusetts.

9.      Based on information and belief, Norfolk received an assignment or transfer of a defaulted debt.

10.     Based on information and belief, on or about May 1, 2001, Norfolk initiated legal action against the Plaintiff in Waltham District Court, to collect on the alleged debt.

11..    Based on information and belief, Norfolk provided an address to the court of 738 Main St #407 Waltham, MA, a commercial mail receiver, being the UPS Store.

12.     **Exhibit A** shows collection notices sent by Norfolk, to the Plaintiff at her home.

13.     **Exhibit B** shows the Court docket entry, where the "Notice" as defined in Small Claim Rule 3 was returned to the court "undelivered".

14.     **Exhibit B** shows the Clerk Magistrate entered a default against the Plaintiff in light of lack of notice to the Plaintiff.

15.     **Exhibit C** shows on June 22, 2005, the Worcester County Sheriff, acting on the request of the Defendant seized the Plaintiff's vehicle.

16.     **Exhibit D** shows on June 22, 2005 the Plaintiff filed a motion in Waltham District Court to remove the default and vacate judgment.

17.     On or about July 11, 2005 the Clerk Magistrate rescheduled the hearing to August 15, 2005.

18.     **Exhibit E** shows on or about July 29, 2005, the Plaintiff forwarded a certified letter to Norfolk, requesting an inspection of documents so that she can verify the legitimacy of the debt, pursuant to 940 CMR 7.08 (1)(2).

2

19.     On or about August 15, 2005 the Defendant was unable to provide sufficient documentation of the underlying debt. The Clerk Magistrate rescheduled the hearing to September 19, 2005 to allow Norfolk time to locate the documents.

20.     On or about September 12, 2005 Norfolk was unable to provide the requested documentation. The Clerk Magistrate advised both parties a decision will not be made at that time and to expect the decision within 10 days.

21.     **Exhibit F** shows on or about September 12, 2005 the Clerk Magistrate's rendered a decision of a denial of the Plaintiff's motion.

22.     The Plaintiff alleges the Clerk Magistrate erred in not allowing the motion to vacate, based on the lack of notice and improper venue issues before the court.

23.     **Exhibit G** shows the Plaintiff sent the Defendant a Chapter 93A demand letter seeking relief and the Defendant denied the Plaintiff's request.

## CAUSE OF ACTION

24.     The Plaintiff realleges paragraphs 1-23 above.

25.     Defendant has violated the Fair Debt Collections Practices Act. Defendant's violations include but are not limited to, the following :

    a.      Collection of a debt that is not expressly authorized by a contract or agreement creating the debt, in violation of the 15 U.S.C. §1692f (1) of the FDCPA

    b.      Use of false and misleading representations in connection with the collection of the debt, by falsely representing that Norfolk is legally entitled to collect debt in the Commonwealth of Massachusetts, in violation of the 15 U.S.C. §1692e (1) of the FDCPA.

    c.      Initiating legal action against the Plaintiff in an improper judicial district, in violation of the 15 U.S.C. §1692i (2)(A)(B) of the FDCPA.

    d.      False and misleading representation that Norfolk is legally entitled to collect debt in the Commonwealth of Massachusetts, in violation of the 15 U.S.C. §1692e (1) of the FDCPA.

**3**

c.     Use of unfair or unconscionable means to collect or attempt to collect the alleged debt,

by seizing the Plaintiff's vehicle and placing a lien on the Plaintiff's home, to satisfy an invalid judgment,

a legal action that cannot be taken, in violation of 15 U.S.C. §1692e (5) of the FDCPA.

26.     Defendant has violated the Massachusetts Fair Debt Collections Practices Act and the
Massachusetts Consumer Protection Act. Defendant violations includes but are not limited to:

a.     Use of unfair deceptive act or practice, by attempting to collect debt in the

Commonwealth of Massachusetts without a license, in violation of M.G.L c.93 § 28, and c. 93A § 2(a).

b.     Use of unfair deceptive act or practice, by denying the Plaintiff's request to inspect

the documentation in the Defendant's possession which concerns the debt, in violation of 940 CMR 7.08

(1)(2) and M.G.L c. 93A § 2(a).

## PLAINTIFF'S DAMAGES

27.     As a result of the Defendants violation of the FDCPA described above, the Plaintiff

suffered actual damages, including default on her loan, repossession of her vehicle, payment

made to Norfolk as a requirement of the Plaintiff's mortgage company and emotional distress.

28.     Plaintiff is entitled to her actual damages pursuant to 15 U.S.C § 1692k (a)(1) of the

FDCPA.

29.     Plaintiff is also entitled to an award of statutory damages pursuant to 15 U.S.C § 1692k

(a)(2)(A) of the FDCPA.

30.     Plaintiff is entitled to her costs and attorney's fees pursuant to 15 U.S.C. § 1692k (a)(3).

31.     As a result of the Defendants violation of the Massachusetts Consumer Protect Act, the

Plaintiff is entitled to her state damages pursuant to M.G.L c. 93A § 9.

4

# NORFOLK **FINANCIAL** CORP.

July 28, 2005

Michaelyn Rackley
11 Pitman Rd.
Athol MA 01331-1941

## *NOTICE OF REAL ESTATE LIEN  !!!*

RE:   Norfolk Financial Corp. v. Michaelyn Rackley
      Today's Judgment Balance:  *$1,038.34*
      <u>Our File Number: 00007549</u>

Michaelyn Rackley

To protect the rights of Norfolk Financial Corp, Norfolk Financial Corp has made a levy/seizure on the real estate you own.  <u>You should immediately notify your mortgage company of the levy/seizure!</u>

The levy acts as an encumbrance (much like a mortgage) and will prevent you from selling or transferring the property with clear title.  Further, Norfolk Financial Corp. reserves any rights it may have to proceed with the <u>foreclosure</u> on the seized property (by means of a sheriff's sale).

By law, interest runs at the rate of twelve (12%) percent per year on the unpaid balance of the judgment held by Norfolk Financial Corp.

Demand is hereby made upon you for the payment of the balance due on the judgment against you in the amount of $1,038.34.

Kindly Take Due Notice,

NORFOLK FINANCIAL CORP.

DWG/cls

NOTE: This letter and all communications from this office, a debt collector, are attempts to collect the debt owed and any and all information obtained will be used for that purpose.

1134

Exhibit "A"

# NORFOLK FINANCIAL CORP.

1208 VFW PKWY Ste 201
Boston MA 02132-4344

ADDRESS SERVICE REQUESTED

(617) 323-1533 · Toll Free (888) 949-0200
Fax (617) 323-4605

| Date | File Number | Balance |
|------|-------------|---------|
| 8/4/2005 | 00007549 | $1,040.06 |

#BWNHRMD   234725   1940
#0804 2253 0001 9404#   00007549-DT24

Michaelyn Rackley
11 Pitman Rd
Athol MA 01331-1941

Norfolk Financial Corp.
c\o Century Bank
31 Boylston Street
Chestnut Hill MA 02467-1719

IF PAYING BY CREDIT CARD, COMPLETE ALL, SIGN AND RETURN.

CHECK CARD USING FOR PAYMENT   ☐ VISA   ☐ MASTERCARD

CARD NUMBER   PLUS 3 DIGIT SECURITY CODE (on back of card)   EXP. DATE
/

CARDHOLDER NAME   CARDHOLDER SIGNATURE   AMOUNT
$

---

***Detach Upper Portion and Return with Payment***

---

Re:   Norfolk Financial Corp. v. Michaelyn Rackley
Original Creditor: Fidelity
Our File Number: 00007549
Today's Balance: $1,040.06

## AVOID HAVING TO APPEAR IN COURT ON August 15, 2005!!!

Dear Michaelyn Rackley:

As you know, Norfolk Financial Corp. has filed a suit against you for the $1,040.06 balance owed by you.

Although you certainly may appear before the Court, it may not be too late to resolve this matter **by telephone!**

We are now authorized to **"settle"** the remaining balance on your account at a **significant discount** or to permit you to enter into a reasonably affordable payment plan!

This offer may be withdrawn if we are compelled to incur expenses in connection with the upcoming court appearance. So, please take advantage of this opportunity by contacting our office toll free 888-949-0200 **Ext. 3**.

Thank you for your attention to this matter and we look forward to hearing from you.

 Checks by telephone, please call for details. (888) 949-0200



NOTE: This letter and all communications from this office, a debt collector, are attempts to collect the debt owed and any and all information obtained will be used for that purpose.

EXHIBIT "A"

1CLNORF01DT24

| **Small Claims** **DOCKET** | **DOCKET NUMBER** **200151SC000717** | **Trial Court of Massachusetts** **District Court Department**  |
|---|---|---|

**CASE NAME**

NORFOLK FINANCIAL CORP AS ASSIGNEE FOR CAPITAL ONE BANK  vs.  MICHAELYN RACKLEY

**CURRENT COURT**

Waltham District Court
38 Linden Street
Waltham, MA 02454-6197
(781) 894-4500

| ASSOCIATED DOCKET NO. | DATE FILED 05/01/2001 | DATE DISPOSED 08/13/2001 | |
|---|---|---|---|

**PLAINTIFF(S)**

P01   NORFOLK FINANCIAL CORP   as Assignee for  CAPITAL ONE BANK
C/O GOLDSTONE & SUDALTER, P.C
1208 VFW PARKWAY #201
BROOKLINE, MA 02446
(617) 469-5050

**PLAINTIFF'S ATTORNEY**

DANIEL WARD GOLDSTONE
1208 VFW PARKWAY
SUITE 201
WEST ROXBU, MA 02132
(617) 323-1533

**DEFENDANT(S)/OTHER SINGLE PARTIES**

D01   MICHAELYN RACKLEY
11  PITMAN  ROAD
ATHOL, MA 01331

**DEFENDANT'S ATTORNEY**

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 05/01/2001 | Statement of Small Claim Entered on 05/01/2001 at Waltham District Court. |
| 2 | 05/01/2001 | Appearance for Norfolk Financial Corp As Assignee For Capital One Bank filed by Attorney DANIEL WARD GOLDSTONE 1208 Vfw Parkway Suite 201 West Roxbury MA 02132 BBO# 551753 |
| 3 | 05/01/2001 | Filing fee of $15.00 and surcharge of $4.00 paid (G.L. c.218 §22; 262 §4C). |
| 4 | 05/01/2001 | MAGISTRATE TRIAL SCHEDULED for 08/13/2001 09:00 AM . |
| 5 | 05/01/2001 | Small claim notice of trial issued to plaintiff(s) by first class mail , and to defendant(s) by certified and first class mail (Uniform Small Claims Rule 3(a)). |
| 6 | 05/04/2001 | Return of service UNSERVED for small claim notice of claim to D01  MICHAELYN RACKLEY ; First class mail returned undelivered . |
| 7 | 08/13/2001 | Judgment for P01 NORFOLK FINANCIAL CORP to recover of D01 MICHAELYN RACKLEY after defendant(s) failed to appear the sum of $542.99 plus prejudgment interest of $18.57 and costs of $19.00 for judgment total of $580.56 ( Finucane,  C-M Michael J. ) parties notified |

| Page 1 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK X | | DATE |
|---|---|---|---|---|

Date/Time Printed:  08/15/2005 08:53 AM

EXHIBIT "B"

# DOCKET CONTINUATION

**DOCKET NUMBER**
**200151SC000717**

| NO. | ENTRY DATE | DOCKET ENTRIES |
|-----|-----------|----------------|
| 8 | 08/13/2001 | PAYMENT REVIEW SCHEDULED FOR 09/17/2001 09:00 AM . |
| 9 | 08/13/2001 | Payment order to pay total amount by 09/12/2001 ( Finucane, C-M Michael J. ) |
| 10 | 08/16/2001 | Return of service UNSERVED for small claim notice of claim to D01 MICHAELYN RACKLEY ; First class mail refused . |
| 11 | 08/16/2001 | certified mail to deft returned on May , 2001 unclaimed |
| 12 | 09/18/2001 | Capias issued for D01 MICHAELYN RACKLEY ; arrest after sunset has not been authorized; (G.L. c.224 §18; Uniform Small Claims Rule 7[d]) ( Finucane, C-M Michael J. ) ; sent to Attorney DANIEL WARD GOLDSTONE BBO#551753 for service |
| 13 | 09/18/2001 | Case Inactivated: No future events scheduled. |
| 14 | 09/19/2001 | Execution Writ issued against D01 MICHAELYN RACKLEY for judgment total of $580.56 plus postjudgment interest of $7.06 plus postjudgment costs of $0.00 minus credits of $0.00 , for execution total of $587.62 (Uniform Small Claims Rule7[f]); sent to Attorney DANIEL WARD GOLDSTONE BBO#551753 |
| 15 | 09/27/2001 | CAPIAS RETURNED TO COURT. |
| 16 | 07/23/2003 | Motion to appoint special process server filed by P01 NORFOLK FINANCIAL CORP . |
| 17 | 07/23/2003 | Motion to appoint special process server allowed ( Finucane, C-M Michael J. ). |
| 18 | 06/22/2005 | Motion to remove default (Uniform Small Claims Rule 8) filed by D01 MICHAELYN RACKLEY. |
| 19 | 06/22/2005 | MOTION SCHEDULED FOR HEARING on 07/11/2005 09:00 AM. |
| 20 | 06/30/2005 | Notice of next event sent to parties. |
| 21 | 07/12/2005 | MOTION SCHEDULED on 7/11/05 09:00 AM RESCHEDULED for 7/18/05 09:00 AM. Reason: Brought forward. |
| 22 | 07/20/2005 | MOTION SCHEDULED on 7/18/05 09:00 AM RESCHEDULED for 8/15/05 09:00 AM. Reason: Request of all parties. |

| Page 2 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK X | | DATE |
|---|---|---|---|---|

Date/Time Printed: 08/15/2005 08:53 AM

EXHIBIT "B"

| PART 1 | STATEMENT OF SMALL CLAIM AND NOTICE OF TRIAL | For Court Use Only. | DOCKET NO. 01SC 717 | Trial Court of Massachusetts Small Claims Session |
|---|---|---|---|---|

☐ BOSTON MUNICIPAL COURT     ☐ DISTRICT COURT   Division     ☐ HOUSING COURT   Division

**PART 2**

PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE

NORFOLK FINANCIAL CORP.,
ASSIGNEE OF Fidelity Federal Bank
Brookline, MA  02446

PHONE NO:

PLAINTIFF'S ATTORNEY (if any)

Name: GOLDSTONE & SUDALTER, P.C.
1208 VFW Parkway, #201
Address Boston, MA  02132
[G&S #00007549] BBO#551753
617-469-5050 Ext.#1

PHONE NO:

**PART 3**

DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE

MICHAELYN RACKLEY
738 Main St #407
Waltham, MA 02451

PHONE NO:

ADDITIONAL DEFENDANT (if any)

Name:

Address:

PHONE NO:

4742 001     05/01/01 13:35
SM CLAIM          15.
4742 001     05/01/01 13:35

**PART 4**

**PLAINTIFF'S CLAIM.** The defendant owes $ 543.99 plus $ 19.00 court costs for the following reasons: SURCHARG
Give the date of the event that is the basis of your claim.

The defendant(s) named hereinabove are indebted to the plaintiff on account of moneys lent/credit extended for the purchase of goods and/or services.  The amount owed may include interest, costs and fees all as provided for in the subject credit agreement.

The plaintiff agrees to forego assessment of damages by waiving pre-trial attorneys' fees and pre-trial interest.

SIGNATURE OF PLAINTIFF  X      DATE  4-20-01

**PART 5**

**MEDIATION:** Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☐ The plaintiff is willing to attempt to settle this claim through court mediation.

**PART 6**

**MILITARY AFFIDAVIT:** The plaintiff states under the pains and penalties of perjury that the:
☒ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.
☐ above defendant(s) is (are) serving in the military

SIGNATURE OF PLAINTIFF    X      4-20-01
DATE

**NOTICE OF TRIAL**

**NOTICE TO DEFENDANT:**
You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

**SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM**

NAME AND ADDRESS OF COURT
Waltham District Court
38 Linden St
Waltham, Ma. 02452

DATE AND TIME OF TRIAL
8/13/01      9:00 AM
DATE    AT    TIME
ROOM NO.  2nd session

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED

◄ COURT USE ONLY ►

FIRST JUSTICE
Gregrory C Flynn

CLERK-MAGISTRATE OR DESIGNEE
Michael J Finucane

**INSTRUCTIONS FOR FILING A SMALL CLAIM** — You must complete Parts 1-6 of this form. See instructions on reverse.
ATENCION: ESTE ES UN AVISO OFICIAL DE LA CORTE. SI USTED NO SABE LEER INGLES, OBTENGA UNA TRADUCCION.

EXHIBIT "B"



# Commonwealth of Massachusetts
# County of Worcester

**OFFICE OF THE SHERIFF**
204 MAIN STREET, P.O. BOX 1066
WORCESTER, MA 01613-1066
(508) 752-1100   FAX: (508) 752-3588
1-800-842-0083
Email: Info@WorcesterCountySheriff.com



**Guy W. Glodis**
*Sheriff and Superintendent*

**Jeffrey R. Turco Esq.**
*Special Sheriff*
*and*
*Deputy Superintendent*
**George R. Valery**
*Chief Deputy*
*Sheriff*

Date 6-22-05

# YOUR VEHICLE HAS BEEN SEIZED

## IT HAS BEEN SEIZED ON A COURT ORDER

**PLAINTIFF** _Norfolk_

**Vs**

**DEFENDANT** _Michaelyn Rielley_

**REG** _L21488_          **VEHICLE TYPE** _Subaru_

**REG** _____          **VEHICLE TYPE** _____

## FOR MORE INFORMATION PLEASE CALL

**(508) 752-1100  OR (800) 842-0083**

EXHIBIT "C"

23237

## VEHICLE REMOVED FROM SCENE
### (M.G.L. c. 255, Section 39A)

### FIRST NOTICE TO OWNER OF VEHICLE
(Via Certified Mail - Return receipt requested)

TO: __Michaelyn Rackley__
(Name of vehicle owner)

__11 Pitman Rd   Athol MA  01331__
(Address)

Vehicle description: __1998 , Subaru , Forester L21488  JF1SF635SWGT803,__
Year         Make         Model       Reg. No.         VIN

Reason for tow:  Police Ordered( ✓ )or Trespass ( ) on 6/22/05          /    __11 Pitman Rd Athol__

Vehicle was ordered towed to and stored by: _ Direnzo Towing & Recovery
P.O. Box 52
Millbury, MA. 01527

Name of Authorizing Agent __Worcester County Sherriff Dept.__

The Storage Rate for this vehicle is $ __20.00__ for each 24 hr. period or portion thereof.

Beginning: __6/22/05__          To: __10/4/05__
(Date)                        (Date)

The Towing Charge to date is: $ __276.00__     (Itemized bill enclosed per regulations)

TOTAL CHARGE (Storage + Towing): $ __5626.00__ .

Please advise if __Direnzo Towing__ is to continue holding the vehicle subject
(Name of Garage)                          to the rates shown above.

SIGNED: _____

EXHIBIT "C"

# DIRENZO Towing & Recovery

**508-865-1802 – 24 Hour Towing Service – 508-757-4494**

139 Worcester-Providence Turnpike, Millbury, MA 01527 • Fax 508-865-1447

Driver: *Jeff*    Date: *6-22-05*    Truck #: *22*    Yard Loc.: *1*

| Towed From: | | MILEAGE | TIME |
|---|---|---|---|
| *11 Pitman RD* | | **Finish:** | **Finish:** |
| | | **Start:** | **Start:** |
| Towed To: | | **Total:** *62* | **Total:** |
| *DiRenzo –* | | **Rate:** | **Rate:** *90.00* |

Customer *Miller Rackley*    Phone _____

Address *11 Pitman RD Athol 013371941*

Year *98*    Make *Subaru*    Model *Forester*    Color *wh*

Reg. No. *L21488*    Unit No. _____    Odometer _____

VIN # *JF1SF6355WG780374*

| Type of Service: | ACCIDENT ☐ | SEIZURE ☑ | POLICE ☐ | OTHER ☐ |
|---|---|---|---|---|
| | Front ☐ | Wheel Lift ☐ | Tire Change ☐ | Winch ☐ |
| | Rear ☐ | Jump Start ☐ | Ramp ☑ | Lockout ☐ |

Requested by *WCSD*

Remarks:

*No Key's* *8/3 released* *personals*

*# 50/per/Day starts*

| | | | |
|---|---|---|---|
| Road Service Charge | | | |
| Towing Charge | | *80* | *oo* |
| Mileage Charge | | *186* | *oo* |
| Winching | | | |
| Labor | | | |
| Extra Help | | | |
| Storage Charge | | | |
| ~~payout~~ *payout* | | *100* | *—* |
| % Fuel Surcharge | | | |
| | | | |
| TOTAL | | | |

Signature: _____

**PAYMENT METHOD:** ☐ Charge   ☐ Credit Card   ☐ Cash   ☐ Check   ☐ Other _____

Balances not paid within 30 days from invoice date will accrue a service charge of 2% per month.

White - Office Copy    Yellow - Office Copy    Pink - Customer Copy    Card Book Copy

PRICE CK ____   TOLL CK ____   QB ____   JE ____   IT ____   VL ____   CB ____

Entered By _____

№ **23237**

**rester**

**essage**

**e lien am**

**l continu**

**in more**

Sincerely,

**J. Steven Maiorano**
**Manager**

*EXHIBIT "C"*

# MOTION TO THE COURT
## AND AFFIDAVIT

CASE DOCKET NO.
0153C - 0717

**Trial Court of Massachusetts
District Court Department**

NAME OF CASE

Norfolk Financial VS. Michaelyn Rackley

PLAINTIFF / COMMONWEALTH    DEFENDANT

COURT DIVISION

**Waltham District Court
38 Linden Street
Waltham, MA 02154**

On behalf of the ☐ Plaintiff    ☐ Commonwealth    ☑ Defendant in this case, I respectfully request the Court:

☐ **Continuance:** to continue this case which is presently scheduled for _____ EVENT
on _____ DATE , until _____ DATE , for the reasons given on the back of this form.

☑ **Remove default:** to order that the default, default order, or default judgment that was entered on 8/13/01 DATE
be set aside, and that this case be restored to the court's calendar, for the reasons given on the back of this form.

☐ **Remove dismissal:** to order that the order for, or judgment of, dismissal that was entered on _____ DATE
be set aside, and that this case be restored to the court's calendar, for the reasons given on the back of this form.

☐ **Speedy trial:** to order that the complaints whose numbers are listed above be advanced for speedy trial, for the reasons given on the back of this form.

☐ **New trial:** to order that the court's judgment in this case dated _____ DATE be vacated and
a new trial ordered, for the reasons given on the back of this form.

☐ **Revise or revoke sentence:** to revise or revoke the sentence(s) imposed in this case on _____ DATE
for the reasons given on the back of this form.

☐ **Amend or extend an abuse prevention order:** to extend or amend the abuse prevention order under G.L. c. 209A dated
_____ DATE in the manner and for the reasons given on the back of this form.

☐ **Withdraw from representation:** to be permitted to withdraw from further representation of the _____ PARTY
in this case for the reasons given on the back of this form. I have notified my client of this motion.

☐ **Other:** (Specify what you are asking the Court to do, and the reasons for your request, on the back of this form.)

I have today ☐ mailed ☐ delivered a copy of this motion to all other parties to this case.

Any statements of fact made in this motion are made under the penalties of perjury and
☐ of my own personal knowledge. ☐ based on information that I believe is true.

DATE SIGNED
6/22/05

SIGNED
x _Michaely Shul_

PRINTNAME
Michaelyn S. Rackley

ADDRESS
11 Pitman Rd Athol, MA 01331

DAYTIME TELEPHONE NO.
Athol

---

## FOR CLERK-MAGISTRATE'S USE ONLY

This motion has been scheduled for hearing ▶
before the Court on this date and time.

DATE OF HEARING
7-11-05

TIME OF HEARING
9:00 AM

DATE SIGNED
6-22-05

CLERK-MAGISTRATE OR DESIGNEE
_L. Woods_

---

## FOR JUDGE'S USE ONLY

☐ After hearing    ☐ Without a hearing    this motion is    ☐ Allowed.    ☑ Denied

DATE 2/12/05    JUSTICE

Notify BP

DC-CR-1R (2/92)

EXHIBIT "D"

I WAS NOT SERVED PURSUANT TO RULE 3 OF THE
SMALL CLAIM COURT RULES.

THE PLAINTIFF USED AN INCORRECT ADDRESS (738 MAIN
ST #407 WALTHAM, MA) THE ADDRESS KNOWN TO A BUSINESS
MAILBOX ETC.

THE PLAINTIFF HAS COMMENCED LEGAL ACTION IN
AN INAPPROPRIATE DISTRICT. AS I CURRENTLY RESIDE
AND HAVE RESIDED AT 11 PITMAN RD ATHOL, MA 01331
SINCE 12/1998.

THIS ACT IS A VIOLATION OF THE FAIR DEBT COLLECTION
PRACTICES ACT.

I REQUEST TO COURT TO VACATE THE DEFAULT JUDGM
AND SUPERSEDE EXECUTION.

ALSO I REQUEST THE COURT TO ORDER THE
PLAINTIFF TO RELEASE MY VAN VEHICLE. THAT
WAS SEIZED BY THE WORCESTER COUNTY SHERIFF'S
OFFICE, UPON REQUEST OF THE PLAINTIFF

LACK OF NOTICE TO THE DEFENDANT THAT THE
PLAINTIFF WAS COMMENCING LEGAL ACTION AGAINST HER

EXHIBIT "D"

July 29, 2005

Norfolk Financial v. Michaelyn Rackley
Waltham District Court
Small Claims# 01SC717

To Whom it May Concern,

I'm requesting an inspection of any and all documentation in your possession which concerns the debt you are collecting.

Massachusetts Attorney General Regulations affords me this right under the following regulation.

<u>940 CMR 7.08: Inspection</u>

It shall constitute an unfair or deceptive act or practice for a creditor to fail to allow a debtor or an attorney for a debtor to inspect and copy the following materials regarding a debt during normal business hours of the creditor and upon notice given to such creditor not less than five business days preceding the scheduled inspection:

(1) All papers or copies of papers in the possession of the creditor which bear the signature of the debtor and which concern the debt being collected;

(2) A ledger, account card, or similar record in the possession of a creditor which reflects the date and amount of payments, credits, and charges concerning the debt.

I wish to inspect and copy all such documents in your possession on August 5, 2005. I will contact you on Tuesday August 2, 2005 to confirm.

Thank you for your cooperation.

Sincerely,
Michaelyn Rackley

EXHIBIT "E"

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Norfolk financial
c/o VFW
Suite 201
Boston, MA 02132
c/o Goldsbrand
& Gertner P.C.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
                                   8-2-05

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7002 2410 0003 6596 5284

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

EXHIBIT "C"

# MOTION TO THE COURT AND AFFIDAVIT

**CASE DOCKET NO.**  0 $45c$ 1 - $0771$ F

**Trial Court of Massachusetts**
**District Court Department**

**NAME OF CASE**

Norfolk Financial _vs._ Michaelyn Rackley
PLAINTIFF/COMMONWEALTH          DEFENDANT

**COURT DIVISION**

**Waltham District Court**
38 Linden Street
Waltham, MA 02154

On behalf of the  ☐ Plaintiff   ☐ Commonwealth   ☑ Defendant in this case, I respectfully request the Court:

☐ *Continuance:* to continue this case which is presently scheduled for _____
on _____, until _____, for the reasons given on the back of this form.
     DATE                        DATE                                     EVENT

☑ *Remove default:* to order that the default, default order, or default judgment that was entered on **8/13/01**
be set aside, and that this case be restored to the court's calendar, for the reasons given on the back of this form.
                                                                                                          DATE

☐ *Remove dismissal:* to order that the order for, or judgment of, dismissal that was entered on _____
                                                                                                                                                          DATE
be set aside, and that this case be restored to the court's calendar, for the reasons given on the back of this form.

☐ *Speedy trial:* to order that the complaints whose numbers are listed above be advanced for speedy trial, for the reasons given on the back of this form.

☐ *New trial:* to order that the court's judgment in this case dated _____ be vacated and
                                                                                                       DATE
a new trial ordered, for the reasons given on the back of this form.

☐ *Revise or revoke sentence:* to revise or revoke the sentence(s) imposed in this case on _____
                                                                                                                                              DATE
for the reasons given on the back of this form.

☐ *Amend or extend an abuse prevention order:* to extend or amend the abuse prevention order under G.L. c. 209A dated
_____ in the manner and for the reasons given on the back of this form.
       DATE

☐ *Withdraw from representation:* to be permitted to withdraw from further representation of the _____
                                                                                                                                                            PARTY
in this case for the reasons given on the back of this form. I have notified my client of this motion.

☐ *Other:* (Specify what you are asking the Court to do, and the reasons for your request, on the back of this form.)

I have today  ☐ mailed   ☐ delivered a copy of this motion to all other parties to this case.

Any statements of fact made in this motion are made under the penalties of perjury and
☐ of my own personal knowledge.   ☐ based on information that I believe is true.

**DATE SIGNED**  6/22/05

**SIGNED**  x _Michaely Shu_

**PRINT NAME**  Michaelyn S. Rackley

**ADDRESS**  11 Pitman Rd, Athol, md Athol 01331

**DAYTIME TELEPHONE NO.**

[redacted text block]

## FOR CLERK-MAGISTRATE'S USE ONLY

This motion has been scheduled for hearing ▶
before the Court on this date and time.  ▶

**DATE OF HEARING**  7-11-05

**TIME OF HEARING**  9:00 AM

**DATE SIGNED**  6-22-05

**CLERK-MAGISTRATE OR DESIGNEE**  _L. Wood_

## FOR JUDGE'S USE ONLY

☐ After hearing   ☐ Without a hearing   this motion is   ☐ Allowed.   ☑ Denied

**DATE**  2/6/05   **JUSTICE**  _Notify BP_

DC-CR-1A (2/00)

EXHIBIT "F"

October 3, 2005

Michaelyn S. Rackley
11 Pitman Rd
Athol, MA 01331

RE: Chapter 93A Demand Letter

To Whom it may concern,

This letter constitutes a demand for relief as defined under Massachusetts General Laws Chapter 93A Section 9.

Your office is collecting a debt that does not belong to me. You initiated legal proceedings against me in Waltham District Court in direct violation of 15 § U.S.C. 1692i (2)(A)(B). It is my belief you initiated legal action in the wrong judicial district to obtain a default judgment.

I also forwarded a letter requesting an inspection of the documentation in your possession, pursuant to Massachusetts Attorney General Regulations 940 CMR 7.08 (1) (2). In which your representatives denied my request.

In addition to the above actions, your office also caused further damage to me by seizing my vehicle prior to contacting the lien holder. The damage caused was unnecessary on your part because I was upside down on my loan. Furthermore, the law allows seizure of a vehicle in excess of $700. At the time of seizure and after seizure I had no more than $700 in equity in the vehicle. Which makes your seizure unlawful.

The Fair Debt Collection Practices Act 15 USC 1692e (5) states A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person <u>or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.</u>

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

You instructed the Sheriff to seize of the vehicle and did NOT carry out the statutory obligations of such seizure. Which is the sale of the vehicle. The action taken intentionally caused harm to me, my relationship with the lien holder, and damage to my credit history.

Such actions caused a default on my loan and repossession causing more financial harm. In addition to mounting storage fees.

EXHIBIT " G "

During the hearings of my motions for removal of default and vacate judgment, your office has not provided any documentation showing that I'm responsible for the underlying debt. With your unwillingness to allow an inspection of the documentation and lack of documentation to prove I'm responsible for the debt. I'm almost positive the debt does not belong to me.

As a result of your practices, I've suffered damage to my credit history, default on my loan and repossession of the vehicle. Mounting storage fees and the final costs of paying down the vehicle.

The amount of damages I've suffered is approximately $12000. Which includes the vehicle and storage fees. My demand for relief are as follows: <u>Release the vehicle so that it is free from the possession of anyone except the lien holder and PAY whatever fees associated with the seizure. And dismiss your judgment in Waltham District Court.</u>

Chapter 93A gives you the chance to make a good faith response to this letter within 30 days. Your failure to do so could subject you to treble damages, attorney's fees and costs if I decide to initiate legal action against you.

In addition to any lawsuit I may file against you, complaints will be filed with the Attorney General, Mass Bar of Overseers and Mass Bar Association for any attorney involved, Mass Division of Banks, and the Better Business Bureau.

Regards,
Michaelyn S. Rackley

EXHIBIT "G"

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | 0.37 | UNIT ID: 0438 |
| Certified Fee | | 2.30 | |
| Return Receipt Fee (Endorsement Required) | | 1.75 | Clerk: FNSBF0 |
| Restricted Delivery Fee (Endorsement Required) | | | |
| Total Postage & Fees | $ | 4.42 | 10/04/05 |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

7005 0390 0004 1542 4396

PS Form 3800, June 2002          See Reverse for Instructions

EXHIBIT "G"

# NORFOLK FINANCIAL CORP.

October 6, 2005

Michaelyn Rackley
11 PITMAN RD
ATHOL MA 01331-1941

Re:   Norfolk Financial Corp. v. Michaelyn Rackley
      Our File Number: 00007549

Dear Michaelyn Rackley:

I write this letter in response to your so-called 93A demand letter.

On behalf of Norfolk Financial Corp. ("Norfolk" )I do hereby deny each and every allegation of your October 3, 2005 letter.  Specifically, our office is the holder of a valid and binding judgment against you which, as of this date, has been satisfied in no part.  Your post-judgment motion to vacate the judgment has been denied and you are indebted to Norfolk on account of said judgment.  You have ignored the Court's payment order and Norfolk's multiple demands for payment since the entry of judgment against you in 2001.

According to 15 U.S.C. 1692, sufficient verification of the debt (a copy of the judgment) has been provided  to you.  The lawful seizure on execution in accordance with M.G.L. c.235 does not violate any provisions of the Fair Debt Collection Practices Act.  Norfolk never represented that nonpayment of the debt would result in any unlawful action against you.  Norfolk has never threatened to take any action that cannot legally be taken or that is not intended to be taken.   That you violated the terms of your agreement with any lien holder of seized property does not, as a matter of law, constitute a violation of M.G.L. c.93A.

The $580.56 judgment obtained by Norfolk against you remains outstanding and has accrued interest at the statutory rate of twelve (12%) percent per year. Massachusetts judgments are valid for a period of twenty years and the judgment will continue to accrue interest at the statutory rate of interest.

You are further advised that any frivolous claims filed by you in connection with this matter will be vigorously defended and the appropriate sanctions will be sought against you for all costs of defense, including attorneys' fees.

Kindly Take Due Notice,

Daniel W. Goldstone

NOTE:  This letter and all communications from this office, a debt collector, are attempts to collect the debt owed and any and all information obtained will be used for that purpose.

L99

1208 VFW Parkway, Suite 201, Boston, Massachusetts 02132

tel: 617.323.1533   fax: 617.734.8433

EXHIBIT "G"

**05 - 40192 FDS**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _MICHAELYN S. RACKLEY V._
_NORFOLK FINANCIAL CORPORATION_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [ ] I.     160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

- [ ] II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

- [ ] III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

- [x] IV.    220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

- [ ] V.     150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ]     NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES [ ]     NO [x]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ]     NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [ ]     NO [x]

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES [x]     NO [x] Nò

   A.   If yes, in which division do all of the non-governmental parties reside?

N/A   Eastern Division [x]     Central Division [x]     Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]     Central Division [x]     Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES [ ]     NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _Michaelyn S. Rackley, pro se_

ADDRESS _11 Pitman Road, Athol, MA 01331_

TELEPHONE NO. _978 - 301 - 2429_

(CategoryForm.wpd - 5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**05 - 40192 FDS**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MICHAELYN S. RACKLEY

**(b)** County of Residence of First Listed Plaintiff  WORCESTER
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS

NORFOLK FINANCIAL CORPORATION

County of Residence of First Listed Defendant  SUFFOLK
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

DANIEL W GOLDSTONE

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15:1692

Brief description of cause:
VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____