THE UNITED STATES COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAELYN S. RACKLEY )
        PLAINTIFF, )
Vs. )
 )
 )
NORFOLK FINANCIAL CORPORATION )
 )
        DEFENDANT. )
 )

05CV-40192FDS

# COMPLAINT

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for the Defendants' alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, unfair and deceptive practices.

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1367 for pendant state claims.

## PARTIES

3. Plaintiff, Michaelyn S. Rackley, a natural person who resides 11 Pitman Rd Athol Massachusetts.

4. Defendant Norfolk Financial Corporation (hereafter "Norfolk") is a Massachusetts corporation with a place of business of 1208 VFW Parkway Boston, Massachusetts, and is engaged in collecting debts in the Commonwealth of Massachusetts.

5. Norfolk regularly attempts to collect debt alleged to be due another and is a debt collector as the term defined in 15 U.S.C. § 1692a (6) of the FDCPA.

1

## FACTUAL ALLEGATIONS

6. Based on information and belief, Norfolk is **not** licensed by the Division of Banks to grant consumer credit loans.

7. Based on information and belief, Norfolk is **not** licensed by the Division of Banks to collect debts in the Commonwealth on Massachusetts.

8. Based on information and belief, Norfolk is required by M.G.L. c. 93 § § 24-28 to be licensed in order to collect debts within the Commonwealth of Massachusetts.

9. Based on information and belief, Norfolk received an assignment or transfer of a defaulted debt.

10. Based on information and belief, on or about May 1, 2001, Norfolk initiated legal action against the Plaintiff in Waltham District Court, to collect on the alleged debt.

11.. Based on information and belief, Norfolk provided an address to the court of 738 Main St #407 Waltham, MA, a commercial mail receiver, being the UPS Store.

12. **Exhibit A** shows collection notices sent by Norfolk, to the Plaintiff at her home.

13. **Exhibit B** shows the Court docket entry, where the "Notice" as defined in Small Claim Rule 3 was returned to the court "undelivered".

14. **Exhibit B** shows the Clerk Magistrate entered a default against the Plaintiff in light of lack of notice to the Plaintiff.

15. **Exhibit C** shows on June 22, 2005, the Worcester County Sheriff, acting on the request of the Defendant seized the Plaintiff's vehicle.

16. **Exhibit D** shows on June 22, 2005 the Plaintiff filed a motion in Waltham District Court to remove the default and vacate judgment.

17. On or about July 11, 2005 the Clerk Magistrate rescheduled the hearing to August 15, 2005.

18. **Exhibit E** shows on or about July 29, 2005, the Plaintiff forwarded a certified letter to Norfolk, requesting an inspection of documents so that she can verify the legitimacy of the debt, pursuant to 940 CMR 7.08 (1)(2).

2

19. On or about August 15, 2005 the Defendant was unable to provide sufficient documentation of the underlying debt. The Clerk Magistrate rescheduled the hearing to September 19, 2005 to allow Norfolk time to locate the documents.

20. On or about September 12, 2005 Norfolk was unable to provide the requested documentation. The Clerk Magistrate advised both parties a decision will not be made at that time and to expect the decision within 10 days.

21. **Exhibit F** shows on or about September 12, 2005 the Clerk Magistrate's rendered a decision of a denial of the Plaintiff's motion.

22. The Plaintiff alleges the Clerk Magistrate erred in not allowing the motion to vacate, based on the lack of notice and improper venue issues before the court.

23. **Exhibit G** shows the Plaintiff sent the Defendant a Chapter 93A demand letter seeking relief and the Defendant denied the Plaintiff's request.

## CAUSE OF ACTION

24. The Plaintiff realleges paragraphs 1-23 above.

25. Defendant has violated the Fair Debt Collections Practices Act. Defendant's violations include but are not limited to, the following :

    a. Collection of a debt that is not expressly authorized by a contract or agreement creating the debt, in violation of the 15 U.S.C. §1692f (1) of the FDCPA

    b. Use of false and misleading representations in connection with the collection of the debt, by falsely representing that Norfolk is legally entitled to collect debt in the Commonwealth of Massachusetts, in violation of the 15 U.S.C. §1692e (1) of the FDCPA.

    c. Initiating legal action against the Plaintiff in an improper judicial district, in violation of the 15 U.S.C. §1692i (2)(A)(B) of the FDCPA.

    d. False and misleading representation that Norfolk is legally entitled to collect debt in the Commonwealth of Massachusetts, in violation of the 15 U.S.C. §1692e (1) of the FDCPA.

3

      c.      Use of unfair or unconscionable means to collect or attempt to collect the alleged debt, by seizing the Plaintiff's vehicle and placing a lien on the Plaintiff's home, to satisfy an invalid judgment, a legal action that cannot be taken, in violation of 15 U.S.C. §1692c (5) of the FDCPA.

26.      Defendant has violated the Massachusetts Fair Debt Collections Practices Act and the Massachusetts Consumer Protection Act. Defendant violations includes but are not limited to:

      a.      Use of unfair deceptive act or practice, by attempting to collect debt in the Commonwealth of Massachusetts without a license, in violation of M.G.L c.93 § 28, and c. 93A § 2(a).

      b.      Use of unfair deceptive act or practice, by denying the Plaintiff's request to inspect the documentation in the Defendant's possession which concerns the debt, in violation of 940 CMR 7.08 (1)(2) and M.G.L c. 93A § 2(a).

## PLAINTIFF'S DAMAGES

27.    As a result of the Defendants violation of the FDCPA described above, the Plaintiff suffered actual damages, including default on her loan, repossession of her vehicle, payment made to Norfolk as a requirement of the Plaintiff's mortgage company and emotional distress.

28.    Plaintiff is entitled to her actual damages pursuant to 15 U.S.C § 1692k (a)(1) of the FDCPA.

29.    Plaintiff is also entitled to an award of statutory damages pursuant to 15 U.S.C § 1692k (a)(2)(A) of the FDCPA.

30.    Plaintiff is entitled to her costs and attorney's fees pursuant to 15 U.S.C. § 1692k (a)(3).

31.    As a result of the Defendants violation of the Massachusetts Consumer Protect Act, the Plaintiff is entitled to her state damages pursuant to M.G.L c. 93A § 9.

4

WHEREFORE, Plaintiff respectfully requests that this Court:

A.  Enter judgment for the Plaintiff and against the Defendant in the amount of her actual damages;

B.  Enter judgment for the Plaintiff and against the Defendant for statutory damages pursuant to 15 U.S.C. §1692k;

C.  Enter judgment for the Plaintiff and against the Defendant for treble damages pursuant to M.G.L c. 93A §9.

D.  Grant such other and further relief as may be just and proper.

**TRIAL BY JURY IS REQUESTED**

Michaelyn S. Rackley, Pro Se
11 Pitman Rd
Athol, MA 01331
978-301-2429

5